IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Charles J. Madden, #182326, ) | |
| ) | Civil Action No. 6:07-1109-MBS-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for McCormick County. The petitioner was indicted at the July 1991 term of the grand jury for McCormick County for murder, burglary first degree and assault with intent to commit criminal sexual conduct. He was represented by attorney C. Rauch Wise. On October 8, 1991, the petitioner pleaded guilty to murder, burglary third degree and assault of a high and aggravated nature. The case was prosecuted by Solicitor Donald V. Myers. The petitioner was sentenced by the Honorable William P. Keesley to life imprisonment for

murder, two years for burglary third degree, and two years for assault of a high and aggravated nature. The sentences all ran concurrently. The petitioner did not appeal his convictions or sentences.

*First Post-Conviction Relief Application*

On April 19, 2993, the petitioner filed his first application for post-conviction relief ("PCR") (93-CP-35-29). The State filed its return on September 9, 1993. The petitioner made three allegations in this PCR:

> (1) **Ineffective Assistance of Counsel** - failure to challenge guilty plea and/or confession because of duress, coercion or threats and failure to have competency hearing.
>
> (2) **Constitutional Violation** - Threats inducing guilty plea and/or confession and improper search and seizure where arrest was made without probable cause.
>
> (3) **Statutory Violations** - No competency hearing and possibly other statutory violations including Petitioner had served more than 20 years on a 20 year parole eligible life sentence.

On January 13, 1994, a hearing was held before the Honorable Walter J. Bristow, Jr., at which the petitioner was present and was represented by attorney Thomas Hite. At the hearing, the petitioner withdrew his application and, accordingly, by order dated February 24, 1994, Judge Bristow denied and dismissed the petitioner's PCR application. The petitioner did not appeal from the court's order.

*Second Post-Conviction Relief Application*

Thereafter, the petitioner filed a second PCR application (95-CP-35-39) on July 7, 1995. The respondent made its return on August 23, 1995. In his second application, the petitioner made two allegations:

> (1) Ineffective assistance of counsel-general ineffective assistance allegation.
>
> (2) Involuntary guilty plea in that plea was not entered into freely and voluntarily. Plea was made involuntary because of duress from coercion and threats. Specifically, Applicant alleges that Court was not aware of the mental state of Applicant at the time of acceptance of guilty plea. No mental evaluation was ordered to find out the mental state of Applicant. Attorney should have been aware after applicant stated he was confused and only making plea because of threats made against applicant concerning his fiancé who was pregnant.

A hearing was convened at the Lexington County Courthouse on February 2, 1996, at which the petitioner was represented by attorney Albert Sparrow. By order dated February 2, 1996, the Honorable Sidney T. Floyd dismissed the application upon the petitioner's decision to withdraw with prejudice. The petitioner did not appeal the dismissal of his second PCR application.

### *Third Post-Conviction Relief Application*

The petitioner subsequently filed a third PCR application (99-CP-35-36) on May 10, 1999, in which he alleged six grounds for relief:

> (1) Counsel was ineffective for informing Appellant he would be parole eligible in 20 yrs.
>
> (2) Trial court's erroneous parole eligibility advice voids Applicant's plea.
>
> (3) Newly discovered evidence. Applicant's imposed sentence is a sentence to unconstitutional conditions of confinement for those conditions violate Article 12, section 2, which restricts the conditions of the prison sentence the government can impose upon the applicant.
>
> (4) Substantive and procedural due process violations by being denied rehabilitation and parole.
>
> (5) Cruel and unusual punishment is being continually violated.

> (6) Ex post facto is being violated by the amount of work credits and good time that can be taken. SCDC is using 1983 burglary conviction as violent offense. New law may only be applied to conduct occurring after date of enactment.

A hearing was convened on February 15, 2002, at which the petitioner was present and represented by attorney William F. Gorski. At the hearing, the petitioner withdrew his application with prejudice. Accordingly, the Honorable James R. Barber, III, issued an order dated March 15, 2002, dismissing the application with prejudice. The petitioner did not appeal.

### *Fourth Post-Conviction Relief Application*

The petitioner subsequently filed a fourth PCR application on August 12, 2003. The respondent made its return and motion to dismiss on March 31, 2004. The petitioner amended his application on April 16, 2004, and the respondent supplemented its return on November 29, 2005. The petitioner again amended his application by amendment dated December 5, 2005. The petitioner made the following allegations in his fourth PCR petition and amended petitions:

> (1) Petitioner was entitled to parole eligibility at ¼ of his sentence and to be considered every twelve months for parole based on S.C. Code Sections 16-25-90 and 24-21-645 because he was an alleged victim of domestic abuse and he killed his father.
>
> (2) The court lacked subject matter jurisdiction on the indictment for murder when the indictment failed to state the "time and place of the death of the deceased".
>
> (3) The court lacked subject matter jurisdiction. Indictment for assault and battery CSC, for the elements of first degree CSC are not present in the indictment.
>
> (4) Counsel should have motioned for a M'Naughten defense in applicant's case prior to accepting his plea of guilt and for a competency exam and exam for McNaughten.

4

(5)  The indictment for murder lacks the statute code as required by law therefore it is invalid and the court did not have jurisdiction to accept the plea or sentence Petitioner and Petitioner did not waive this issue at his plea and could not waive this issue.

(6)  Petitioner did not waive any entitlement or request for mental assessment or testing.

(7)  <u>Gentry</u> ruling of South Carolina Supreme Court cannot be applied to Petitioner's case or indictment challenge because it would violate ex post facto clause.

(8)  Guilty plea cannot waive defective indictment and court should raise issue on its own.

(9)  Guilty plea was not knowingly and intelligently made because Petitioner did not understand Judge's statements that he could get no more from a jury than he could from judge for murder and counsel did not explain the same to Petitioner and advise him of all consequences of the plea.

(10)  Petitioner sought and alleged he was deprived of a Blair hearing[1] because his state of mind was central to the issue charged. Petitioner's attorney should have requested a Blair hearing and plea counsel failed in that respect. Petitioner alleged he was denied due process and equal protection by this failure because he was incompetent to plead guilty.

(11)  Petitioner alleged these issues are newly discovered and sought waiver of statute of limitations.

(12)  Petitioner also invoked his "statutory right" to a belated PCR appeal because of failures of trial counsel and requested a belated PCR appeal to request a Blair hearing.

(13)  Petitioner alleged the trial court failed to request a Blair hearing or to have Petitioner tested for mental acuity in the presence of evidence that warranted such a request.

(14)  Petitioner also sought to withdraw his original guilty plea and for a belated PCR appeal in the interests of justice.

---

[1] Mental competency hearing.

> (15) Petitioner also sought to bar the State from obtaining a dismissal of his belated appeal because of successiveness or the statute of limitations.
>
> (16) Petitioner moved for an evidentiary hearing and for a Blair hearing.

A hearing on Respondent's motion to dismiss was convened on December 13, 2005, at the Lexington County Courthouse. The petitioner was present at the hearing and represented by attorney John J. McCauley. The respondent was represented by Sabrina C. Todd of the South Carolina Attorney General's Office.

The circuit court had before it a copy of the application and amended applications; the respondent's return and supplemental return; the records of the McCormick County Clerk of Court regarding the subject convictions; the petitioner's records from the South Carolina Department of Corrections; the transcript of the petitioner's guilty plea; and the applications and orders of dismissal from the petitioner's three prior PCR applications concerning the subject convictions. The court also entertained argument from counsel for both parties. The court had the opportunity to review the record in its entirety.

The court found and concluded the fourth PCR application was barred as successive. The Uniform Post-Conviction Procedure Act (the Act) provides that:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. § 17-27-90 (2003). Successive applications are disfavored and the burden is on the applicant to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. *Aice v. State*, 305 S.C. 448,

450, 409 S.E.2d 392, 394 (1991) (holding the applicant bears the burden of proving his new ground could not have been raised in his previous application); *Foxworth v. State*, 275 S.C. 615, 274 S.E.2d 415 (1981) (noting successive PCR applications are disfavored, particularly where the Supreme Court has passed on the action of the trial court on direct appeal and found the appeal without merit). The petitioner failed to establish sufficient reason why he could not have raised these allegations in his previous application for PCR; therefore, he failed to meet the burden imposed upon him by state law. *Aice*, 305 S.C. at 450, 409 S.E.2d at 394.

The court additionally found that his fourth application must be dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. § 17-27-45(a) (2003) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The post-conviction relief statute of limitations became effective on July 1, 1995. See *Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606 (1996). Those individuals convicted before enactment of the statute had until July 1, 1996, to timely file their application. *Id*. The petitioner was convicted of the offenses he challenged in this application on October 8, 1991, and thus had until July 1, 1996, to file his PCR application. The fourth application was not filed until August 12, 2003, well after the one-year statutory filing period had expired.

At the hearing, counsel for the petitioner argued the trial court lacked subject matter jurisdiction to convict the petitioner because of defects in one or more of the indictments. The PCR court held there were no defects in the indictments such that the petitioner was entitled to relief. In *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005), the

7

South Carolina Supreme Court held an indictment is a notice document, that any challenge to its sufficiency must be made before the jury is sworn, and defects in the indictment do not affect subject matter jurisdiction.

In a PCR action, an applicant wishing to challenge the sufficiency of an indictment must do so in the context of ineffective assistance of counsel by alleging his trial counsel failed to properly move to quash the indictment pursuant to S.C. Code Ann. § 17-19-90 (2003). A claim of this nature is subject to procedural bars in the Uniform Post-Conviction Procedure Act, notably the statute of limitations and successiveness. *See* S.C. Code §§ 17-27-45(B) and -90 (2003).

The PCR court concluded the *Gentry* rule should be applied retroactively because the South Carolina Supreme Court had already done so in two cases. In *Evans v. State*, 363 S.C. 495, 611 S.E.2d 510 (2005), the court applied the rule to a case pending on a writ of certiorari from the denial of PCR relief. Also, in *State v. Smalls*, 364 S.C. 343, 613 S.E.2d 754 (2005), the court applied the rule to a case pending on direct appeal. The court reasoned that in both cases, the trial was held prior to the ruling in *Gentry* and the cases were pending in post-trial proceedings. The court held that was the situation in the petitioner's case and it saw no reason to treat his case differently from *Evans* and *Smalls*.

In his first amended application to this PCR action, the petitioner moved the court to order him eligible for parole after completing one-fourth of his sentence pursuant to S.C. Ann. § 16-25-90 (2003) and for him to be eligible for annual parole review pursuant to S.C. Code Ann. § 24-21-645 (Supp. 2004). In anticipation of the respondent's defense that his claim was barred as successive, the petitioner asserted this claim should not be barred because section 16-25-90 was not enacted until 1995, after his first PCR application. He also contended the statute applies retroactively. South Carolina Code Ann. § 16-25-90 provides:

> Notwithstanding any provision of Chapters 13 and 21 of Title 24, and notwithstanding any other provision of law, an inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post-conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16-25-20, suffered at the hands of the household member.

Those persons who are eligible for parole pursuant to section 16-25-90, and who are denied parole must have their cases reviewed for parole every twelve months. S.C. Code Ann. § 24-21-645.

The court specifically held this claim was barred by the PCR statute of limitations. S.C. Code Ann. § 17-27-45(B) (2003), provides that when a court decision that is binding on the courts of this State

> imposes upon state criminal proceeding a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under [The Uniform Post-Conviction Procedure Act] may be filed not later than one year after the date on which the standard or right was determined to exist.

The court concluded the same standard should be applied when a statute creates a new right. Section 16-25-90 was enacted in 1995, but the petitioner first raised his claim on April 16, 2004, well after the one-year filing period had elapsed.

The court also noted the petitioner pled guilty to murdering his father. However, as of January 1, 2004, the term "household member" no longer included a person in a parent-child relationship. *See* S.C. Code Ann. § 16-25-10 (Supp. 2004) (amended by Act No. 92 § 3, 2003 S.C. Acts 1538, effective January 1, 2004.

Based on all the foregoing, the court found and concluded that the fourth application was procedurally barred because it was successive and was filed after the

expiration of the applicable statute of limitations.  Because the petitioner failed to present the court with sufficient reason to overlook these procedural bars, the fourth application was denied and dismissed with prejudice.  The court's order was filed March 8, 2006.

The court advised the petitioner that if he wanted to secure appellate review of the order, a notice of intent to appeal must be filed and served within 30 days from the receipt of the order.  The court further advised that pursuant to Rule 71.1(g), SCRCP, PCR counsel must file a notice of intent to appeal on the petitioner's behalf if he wished to pursue appellate review.  The petitioner and his counsel were directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal had been timely filed.

The petitioner did not file an appeal from the court's denial of his fourth application for post-conviction relief.  Instead, he filed a motion for relief from judgment under Rule 60(b) and a motion to amend his pleadings to conform to the evidence.  Both of these motions were denied in separate orders filed August 7, 2006.  The petitioner did appeal the denial of his Rule 60(b) motion.  He was notified by the Clerk of the Supreme Court that since he did not appeal the order dismissing his post-conviction relief application but only the denial of his Rule 60(b) motion, he was required to submit reasons why his appeal should be accepted under Appellate Rule 227.  The petitioner did so.  The South Carolina Supreme Court subsequently denied the petitioner's appeal by order on October 4, 2006.  The remittitur was filed on October 20. 2006.  The petitioner then filed a motion for rehearing and requested an en banc hearing.  The Clerk of the South Carolina Supreme Court notified the petitioner that the court no longer had jurisdiction since it had filed its remittitur on October 20, 2006.

In his petition currently before this court, the petitioner makes the following allegations (paraphrased by respondent):

10

>   (1)   Ineffective assistance of counsel in failing to have a mental competency evaluation conducted of Petitioner prior to his guilty plea and in advising Petitioner that if he went to trial his girlfriend could be charged with accessory to murder. Case should be remanded back for rehearing to determine if Petitioner did in fact understand what he was pleading to because he was uneducated and mentally disturbed at the time he was questioned.
>
>   (2)   Defective Indictment. General defects alleged such as: No information or affidavit to support charge alleged, no information or indictment number for murder, no affidavit to support charge alleged on arrest warrant, Grand Jury did not sign indictment, no address on indictment where murder occurred, no official seal or stamp on indictment. The failure of the attorney to challenge the indictment supports ineffective assistance of counsel. Indictment lacked information to give court jurisdiction to sentence Petitioner.
>
>   (3)   Entering guilty plea without understanding the consequences. Petitioner did not understand that entering plea of guilty did not protect or preserve the right to challenge errors in his case. Attorney did not adequately represent Petitioner in this regard.
>
>   (4)   Ineffective assistance of counsel in failure to challenge Petitioner's confession and failure to advise Petitioner of alleged conflict of interest in sentencing judge handling case.

On August 3, 2007, the respondent filed a motion for summary judgment. By order filed August 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion for summary judgment on September 4, 2007.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

>   (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

11

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to

>the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

The respondent first argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner's convictions became final before the enactment of the AEDPA; accordingly, the limitations period began to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2).

The petitioner's first state PCR was filed in April 1993 and dismissed in February 1994. His second state PCR was filed in July 1995 and dismissed in February 1996. His third state PCR was not filed until May 1999, and was dismissed in March 2002. His fourth state PCR was filed in August 2003 and was dismissed as successive and untimely in March 2006. Accordingly, no state PCR action was filed or pending during the one-year period of April 24, 1996, until April 24, 1997, so as to toll the statute. The petitioner's first post-AEDPA PCR action was filed over two years after the statute of limitations had expired. As the instant federal habeas petition was filed in April 2007, ten years after the expiration of the statute of limitations, it is clearly untimely.

Furthermore, the petitioner has offered no valid explanation as to why the statute of limitations should be equitably tolled. In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

13

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330.  The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed. Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

14

*Id.* at 330-31.

Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[2]

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.[3]  *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

                                                 s/William M. Catoe
                                                 United States Magistrate Judge

January 4, 2008

Greenville, South Carolina

---

[2] The decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[3] As this court has recommended dismissal based on statute of limitations grounds, the respondent's other grounds for dismissal will not be addressed.